IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**CODY CHAPMAN**                                                                       **PLAINTIFF**

V.                              **CASE NO. 3:17-CV-03083**

**SHERIFF MIKE MOORE, Boone
County, Arkansas; JASON DAY,
Administrator, Boone County Detention
Center; and SERGEANT CHRIS RHINE**                      **DEFENDANTS**

## OPINION AND ORDER

Plaintiff has filed this case pursuant to 42 U.S.C. § 1983. He proceeds *pro se*. He has submitted a Motion to Proceed *In Forma Pauperis* ("IFP") (Doc. 1). The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff is incarcerated in the Boone County Detention Center ("BCDC"). According to the allegations of the Complaint (Doc. 2), on September 7, 2017, at approximately 3:00 p.m., Plaintiff was on lock-down for tier-management. Sergeant Rhine came to his cell and escorted him out to the hall located between pod control and the pod door. Sergeant Rhine indicated they needed to discuss statements made between Officer Decker and the Plaintiff.

Once in the hallway, Plaintiff alleges Sergeant Rhine began cussing at him and using derogatory terms. In response, Plaintiff states he merely asked for a § 1983

-1-

complaint form. As they were returning to the pod, Plaintiff alleges Sergeant Rhine said he would show the Plaintiff who was boss. When Plaintiff was a few feet from his cell door, he states Sergeant Rhine sprayed him from the back with oleoresin capsicum ("OC") spray. Plaintiff maintains he did nothing to provoke this.

Plaintiff alleges he started to take a shower but was handcuffed and taken to the front of the jail to speak with the jail administrator, Jason Day. Plaintiff states he was told that the reason he was sprayed was due to his cussing and refusal to lock down. Plaintiff states it was Sergeant Rhine who removed him from lock down.

Plaintiff filed a grievance about the incident and also asked for a copy of the video. Jason Day responded that Plaintiff was sprayed for refusing to lock down. Jason Day also indicated the incident was not caught on camera. Plaintiff appealed the grievance and his appeal was denied by Jason Day.

## II. APPLICABLE STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint,

-2-

however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## III. DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

Plaintiff's claims against Sheriff Moore are subject to dismissal. The only time Sheriff Moore is mentioned in the Complaint is when he is listed as a Defendant. A claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "The general responsibility . . . for supervising the operation of a [facility] is not sufficient to establish personal liability." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). "[A] bare allegation that someone in supervisory authority has been deliberately indifferent, without any specification of that person's contact in fact with the plaintiff, [or] even an explicit charge of inadequate training or supervision of subordinates, is [not] sufficient to state a [§ 1983] claim." *Id.; see also Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010).

Even if a supervisor is not involved in day-to-day operations, his personal involvement may be found if he is involved in "creating, applying, or interpreting a policy" that gives rise to unconstitutional conditions. In requiring a plaintiff to allege that each defendant was personally involved in the deprivation of his constitutional rights, we assess each defendant relative to his authority over the claimed constitutional violation. *Jackson v. Nixon*, 747 F.3d 537, 544 (8th Cir. 2014) (internal quotations marks and citations omitted). There are no allegations that Sheriff Moore was personally involved in the alleged constitutional violation or even aware of it.

Similarly, the claims against Jason Day are subject to dismissal. Jason Day was not involved in the alleged unconstitutional act. After the act occurred, he merely spoke to the Plaintiff and responded to his grievances. These acts are insufficient to state a claim against him.

With respect to Jason Day's review of Plaintiff's grievances, the law is clear that a detainee has no constitutional interest in prison officials following grievance procedures. *See Phillip v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (no federal constitutional liberty interest in having prison officials follow state law or prison regulations). The failure to process grievances violates no constitutional right. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Here, Plaintiff merely believes the responses given were inadequate and based on false information provided by Sergeant Rhine; however, "any alleged due process violation arising from the alleged failure to investigate [Plaintiff's] grievances is indisputably meritless." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Plaintiff does not argue he was retaliated against for filing the grievances or that his right of access to the courts was impeded.

## IV. CONCLUSION

The claims asserted against Sheriff Moore and Jail Administrator Jason Day are subject to dismissal as the claims are frivolous or fail to state claims upon which relief may be granted. Therefore, all claims against Sheriff Moore and Jason Day are **DISMISSED, and they are TERMINATED as Defendants**. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

By separate order, the Complaint will be served on Sergeant Rhine.

**IT IS SO ORDERED** on this 5th day of October 2017.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE